```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
IN RE SABINE OIL & GAS CORPORATION,
ET AL.,
                    DEBTORS,              16-cv-2561 (JGK)
                                          16-cv-6054
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS,                                MEMORANDUM OPINION AND
                    APPELLANT,            ORDER
        - against -

SABINE OIL & GAS CORPORATION, ET
AL.,
                    APPELLEES.
------------------------------------
```

**JOHN G. KOELTL, District Judge:**

The Official Committee of Unsecured Creditors ("the Committee") moves for a stay pending the appeal of the Bankruptcy Court's Confirmation Order of the Plan of Reorganization (the "Plan" or "Plan of Reorganization") for the Debtors, Sabine Oil & Gas Corporation and its related entities ("SOGC" or the "Debtors"). The Debtors, joined by several secured creditors who voted in favor of the Plan, oppose the Committee's appeal. The Appellees include Wells Fargo Bank and Barclays as the New Reserve Based Lenders Agents ("RBLs"), Wilmington Trust as the Second Lien Agent, First Reserve Fund, Forest Oil Directors and Officers, and Sabine Directors.

While the Committee terms its request as a limited stay of the Confirmation Order pending appeal of that Order, the relief requested would in fact modify the Plan of Reorganization

1

pending appeal of the Confirmation Order. The Committee believes that if the Plan is implemented, the Committee will be unable to pursue its appeal of this Court's decision, In re Sabine Oil & Gas Corp., No. 16-CV-2561 (JGK), 2016 WL 3554995 (S.D.N.Y. June 24, 2016), which affirmed the Bankruptcy Court's order that denied the Committee and other unsecured creditors derivative standing to bring constructive fraudulent conveyance and breach of fiduciary claims on behalf of the Debtors. This Court affirmed the Bankruptcy Court's decision denying the Committee derivative standing under In re STN Enterprises, 779 F.2d 901 (2d Cir. 1985), and this Court's decision is currently on appeal before the Court of Appeals for the Second Circuit, Dkt. No. 16-2187 (the "STN appeal").[1]

**I.**

Bankruptcy Rule 8007, which superseded previous Bankruptcy Rule 8005, provides that ordinarily a party must first move in the bankruptcy court for a stay pending appeal. The Committee did move for identical relief sought from this Court before the Bankruptcy Court. The Bankruptcy Court denied that relief on the basis that the order sought was not actually a stay but rather a "rewriting of the plan" that would prevent the Plan from going

---

[1] For the purposes of this motion, the parties' familiarity with the underlying claims and arguments pertaining to the STN decision are presumed. See In re Sabine Oil & Gas Co., 2016 WL 3554995, at *2-*6.

forward. Florence Aff. Ex. B at 78 (July 27, 2016). Moreover, applying the traditional factors to be assessed before granting a stay, the Bankruptcy Court found that the Committee had failed to make the required showing for a stay pending appeal.

Rule 8007 provides that a motion for a stay of a Bankruptcy Court order may be made to the District Court pending appeal of the order. See Fed. R. Bankr. P. 8007(b). To obtain a stay, the debtor must show (1) a strong likelihood of success on the merits of the appeal; (2) that the movant will suffer irreparable injury if the stay is denied; (3) that no substantial harm will be suffered by the creditor if the stay is granted; and (4) that the stay is in the public's interest. In re 1567 Broadway Ownership Assocs., 202 B.R. 549, 552–53 (S.D.N.Y. 1996) (citations omitted). Failure to satisfy any one of these criteria is fatal to the motion. Id. (citations omitted).

Courts in this district have applied varying standards of review over a bankruptcy court's decision to grant or deny a stay. See In re Vincent Andrews Mgmt. Corp., 414 B.R. 1, 4 (D. Conn. 2009) (reviewing de novo the bankruptcy court's decision granting a stay); Green Point Bank v. Treston, 188 B.R. 9, 11 (S.D.N.Y. 1995) (reviewing the bankruptcy court's decision denying a stay for abuse of discretion). In any event, the standard of review is not dispositive in this case because the

Committee's appeal of the Bankruptcy Court's denial of a stay and its motion to this Court for a stay so plainly fail on the merits. To the extent the Bankruptcy Court made factual findings on the record as to the necessity of particular aspects of the Plan, those factual findings are given deference unless clearly erroneous. See In re Sabine Oil & Gas Corp., 2016 WL 3554995, at *1.

## II.

### A.

On March 31, 2016, the Bankruptcy Court, after an extensive 15-day hearing, denied the Committee and other unsecured lenders (the "STN appellants") standing to pursue claims on behalf of the estate. The Committee sought standing to bring claims against the RBLs, the Second Lien Lenders, and several directors and officers of the pre-combination entities, Forest and Sabine, First Reserve Fund, and members of the current Board of Directors of SOGC. See generally In re Sabine Oil & Gas Corp., 547 B.R. 503 (Bankr. S.D.N.Y. 2016), aff'd, No. 16-cv-2561 (JGK), 2016 WL 3554995 (S.D.N.Y. June 24, 2016). On April 5, 2016, the STN appellants moved for a stay pending appeal of the STN order. On April 21, 2016, the Bankruptcy Court denied the stay. In re Sabine Oil & Gas Corp., 548 B.R. 674, 678 (Bankr. S.D.N.Y. 2016).

On June 24, 2016, this Court affirmed the Bankruptcy Court's STN decision, concluding that the STN appellants failed to plead colorable claims for constructive fraudulent conveyance against the RBLs and Second Lien Lenders, did not plead plausible claims against the Forest and Sabine directors and officers, and failed to show that bringing a narrow set of claims against the Second Lien Lenders was in the best interest of the estate. In re Sabine Oil & Gas Corp., 2016 WL 3554995, at *8-*11. The STN appellants did not seek a stay of this Court's STN decision nor did they appeal the denial by the Bankruptcy Court of their motion for a stay of the STN order.

The STN appellants promptly appealed the STN decision to the Court of Appeals. See In re Sabine Oil & Gas Corp., 16-2187 (2d Cir. June 27, 2016). The STN appellants moved to expedite the appeal and the Debtors opposed the motion to expedite. In a one judge motion issued by Judge Livingston on July 15, 2016, the motion to expedite was denied. Id. Dkt. No. 61; Balassa Aff. Ex. G. The briefing schedule allows the appellees to file their brief in about three months.

**B.**

Beginning on June 13, 2016, the Bankruptcy Court conducted a 12-day confirmation hearing on the Debtors' Second Amended Chapter 11 Joint Plan of Reorganization. On July 27, 2016, the Bankruptcy Court issued an order confirming the Plan. Balassa

Aff. Ex. I. Under the Plan, a newly reorganized entity would issue new common stock for distribution, and the secured lenders agreed to convert their debt to equity. The distribution of common stock would provide the RBLs with 93 percent of the common stock in the reorganized entity, the Second Lien Lenders would receive 5 percent of common stock, and the general unsecured lenders would receive 2 percent of common stock. Balassa Aff. Ex. D at 43-45 (June 22, 2016).

The Plan also included an Exit Revolver Credit Facility whereby the RBLs would provide the reorganized entity with financing in an initial amount of $200 million. Florence Aff. Ex. A, Plan at 28. The Bankruptcy Court found that an Exit Revolver Credit Facility was an "essential element of the Plan" and was "necessary for Confirmation and the consummation of the Plan, and is critical to the overall success and feasibility of the Plan." Florence Aff. Ex. A at 19. With the exit financing, the reorganized entity would be poised to emerge from bankruptcy with a 2.0 debt to EBITDA ratio and ample cash flow to satisfy ongoing obligations and development of the entity's assets. Balassa Aff. Ex. D at 238-39 (June 13, 2016).

The Plan further provided that the Debtors and certain third parties would release all claims against the RBLs. The Bankruptcy Court found that these releases were an "integral and necessary part of the Plan and represent a valid exercise of the

6

Debtors' business judgment." Florence Aff. Ex. A at 25. During the Confirmation hearing, evidence was presented that there had been an extensive investigation into the constructive fraudulent conveyance claims, and that the releases in favor of the RBLs and the Forest Directors were based on a determination that the claims were not colorable or were not in the best interest of the estate to pursue. Balassa Aff. Ex. D at 46-47 (June 22, 2016). The releases were an essential part of the package with the RBLs. Id. at 48, 149 (June 23, 2016), 248 (June 13, 2016).

On July 27, 2016, the Committee made an oral motion for a stay of the Confirmation Order pending the appeal of that order. Florence Aff. Ex. B at 40 (July 27, 2016). Specifically, the Committee sought a stay of granting releases of constructive fraudulent transfer claims in favor of the RBLs and releases in favor of Forest officers and directors. Id.[2] The Committee laid out a detailed set of conditions of their proposed "stay": the Debtors would not issue 74 percent of the common stock which would be held to satisfy the STN claims should the STN appeal be successful, referred to as withheld shares; the RBLs would receive only 19 percent of common stock; the Second Lien Lenders would receive 5 percent of common stock; and the general

---

[2] On August 2, 2016, the Committee informed this Court that it is no longer pursuing the appeal of the decision denying STN standing to bring claims against the directors and officers of Legacy Sabine and First Reserve. Tr. at 16-17. As a result, the Committee is not seeking a stay of the releases of the claims against the Sabine directors or the First Reserve defendants.

unsecured creditors would receive 2 percent of common stock. Id. at 41. The Committee argued that the "stay" was necessary because the confirmation of the Plan would render the STN appeal constitutionally moot or equitably moot. Id. at 49. The Committee conceded that its request was without precedent. Id. at 54. The RBLs made clear that they would not provide the exit financing or proceed with the Plan based on the Committee's proposed "stay." Id. at 72.

On July 27, 2016, the Bankruptcy Court denied the motion for a stay, noting the unprecedented nature of the Committee's request. Id. at 78. The Committee appealed the Confirmation Order on July 29, 2016 and moved by order to show cause for an expedited briefing schedule with respect to its request for a stay pending appeal. This Court heard oral argument on the pending motion for a stay on August 8, 2016.

### III.

#### A.

The relief the Committee seeks in the form of a "stay" is not in fact a stay of the Confirmation of the Plan of Reorganization. Rather, it is a significant modification of the Plan and would have the effect of unraveling the entire Plan. As the Debtors point out, the Committee's conditions for a stay of the Confirmation Order do not comport with the relief available under Rule 8007. See Florence Aff. Ex. B at 46 (July 27, 2016)

("This is a renegotiation of the plan, and a collateral attack on the STN order and the confirmation order."). The Committee sought a six-month stay of the releases granted in favor of the Forest Officers and Directors and a stay of the releases of the Constructive Fraudulent Conveyance Claims against the RBLs and the RBL agent. The proposed "stay" would hold back the issuance of 74 percent of the common stock to the RBLs and if the Debtors were sold, 74 percent of the proceeds of the sale would be held in escrow. Florence Aff. Ex. B at 44 (July 27, 2016).

Section 1127(b) of the Bankruptcy Code allows the proponent of a plan or the reorganized debtor to modify the plan after confirmation subject to certain conditions. 11 U.S.C. § 1127(b). An objector to the plan does not have the power to seek a material modification to the confirmed plan. In re Calpine Corp., No. 05-60200(BRL), 2008 WL 207841, at *6 (Bankr. S.D.N.Y. Jan. 24, 2008) ("As the Objecting Shareholders were not the proponents of the confirmed Plan, they are not authorized under Section 1127(b) to modify the confirmed Plan."). Judge Lifland relied on section 1127(b) in rejecting a similar effort by disappointed objectors to an Order of Confirmation of a Plan that would restructure the Plan during the pendency of the appeal of the Order of Confirmation. Id.

For all of the Committee's assurances that its proposed stay is "limited and tailored" to protecting the STN appeal, the

9

Bankruptcy Court's conclusion that the stay would scuttle the Plan of Reorganization is well supported by the record. The RBLs made it clear that they would not proceed with the Plan, including providing new financing for the reorganized entity without the releases that the Committee now seeks to stay and without the equity that the Committee seeks to prevent the RBLs from obtaining during the pendency of the appeal. The Committee's request for a stay does not ask that the Plan itself be stayed but rather seeks to extricate individual parts of the Plan which the Committee opposed all along. See In re Metromedia Fiber Network, Inc., 416 F.3d 136, 145(2d Cir. 2005)(declining to modify releases). Because the Committee is not entitled to modify the Plan and because the changes the Committee proposes could not be considered a stay under Rule 8007, the Committee's motion fails and is therefore denied.

**B.**

The Committee's motion for a stay also fails on the merits. With respect to the irreparable harm prong, the Committee argues that without a stay of the Confirmation Order, the STN appeal will be rendered equitably moot. But a "majority of courts have held that a risk of mootness, standing alone, does not constitute irreparable harm." See In re Adelphia Commc'ns Corp., 361 B.R. 337, 347 & n.39 (S.D.N.Y. 2007) (citing cases); In re DJK Residential, LLC, No. 08-10375 (JMP), 2008 WL 650389,

10

at *3 (S.D.N.Y. Mar. 7, 2008). Even courts that conclude that equitable mootness might be enough to satisfy the irreparable harm requirement, recognize that it is still necessary to balance the alleged injury against the possible injury to other parties. In re Gen. Motors Corp., 409 B.R. 24, 31 (Bankr. S.D.N.Y. 2009).

In this case, there would undoubtedly be substantial harm to the other creditors and to the Debtors' estate which would not be able to reorganize pending the appeal of the Confirmation Order and STN decision. The Committee argues that the rest of the Plan can be implemented, with the exception of the stay of the releases and the issuance of 74 percent of the stock to the RBLs, but that is not credible. The RBLs are key participants in the reorganization. The Bankruptcy Court made very specific findings that the RBL exit financing was essential to the Plan's success, and it would be unrealistic to believe that without receiving their bargained-for 93 percent of common stock and releases, the RBLs would be willing to provide the Debtors $200 million in exit financing. Although the Committee questions those conclusions, nothing in the record before this Court could reasonably lead to the conclusion that the Bankruptcy Court's findings with respect to the exit financing and the pressing need for the RBLs' commitment were clearly erroneous.

The Second Lien agent also points out that it is unlikely to receive its 5 percent share of the new common stock unless the rest of the Plan can be implemented, including the aspects of the Plan the Appellants seek to stay: providing the RBLs with their share of new common stock and releases so the RBLs will fund the reorganization. The Plan is plainly a single package with many moving parts, and therefore, it is clear that even weighed against the possible mootness of Confirmation Order or the STN appeal, other parties to the bankruptcy, including the Debtors, would be seriously prejudiced by this "stay." During the pendency of the stay, it is likely that the Plan, as it currently stands will fall apart and that the parties will be faced with years of further litigation. See In re Adelphia Commc'ns Corp., 361 B.R. at 354.

In its reply, the Committee argues that the possibility of equitable or even constitutional mootness of the STN appeal argues in favor of the stay it requests. The Committee points out that the Appellees in the STN appeal have already staked out the position before the Court of Appeals that the STN appeal is moot.

But it bears noting that the STN appellants could have, but did not, move to stay this Court's STN decision. The STN appellants had the ability to seek a stay of the STN decision from this Court and if necessary, from the Court of Appeals, if

12

preserving the appeal of the STN decision had been so important. See, e.g., In re Loral Space & Commc'ns Ltd., 342 B.R. 132, 141 (Bankr. S.D.N.Y.2006) ("[S]eeking a stay is of the utmost importance to an appellant desiring to preserve an appeal of a confirmation order."); see also In re Metromedia, 416 F.3d at 144 ("We insist that a party seek a stay even if it may seem highly unlikely that the bankruptcy court will issue one."). The Committee's attempt to stay the Confirmation to protect the STN appeal is misplaced. The Committee's motion amounts to shooting at the wrong target, as evidenced by the Committee's stubborn focus on the merits of the STN appeal, rather than on the merits of appealing the Confirmation Plan.

The Committee argues that the importance of preserving the viability of the STN appeal justifies the restructuring stay it seeks of the Confirmation Order. But that would reward the Committee for having failed to seek a stay of the STN decision before this Court or the Court of Appeals. The pendency of the STN appeal was not a roadblock in the Bankruptcy Court's continued consideration and eventual approval of the Plan of Reorganization. The Committee did not erect a roadblock to the Plan simply because it appealed the STN decision, particularly when it did not even seek a stay of that decision.

C.

The Committee also fails to show that it is likely to succeed in its appeal of the Confirmation Order. The Committee argues that it has a substantial possibility of success on the STN appeal and that it also has substantial possibility of success in appealing the Confirmation Order because the Plan's releases are premised on the assumption that the STN claims are not colorable.

With respect to the STN appeal, neither the Bankruptcy Court nor this Court has expressed any doubt as to the disposition of the STN decision. See In re DBSD N. Am., Inc., No. 90-13061 (LAK), 2010 WL 1838630, at *2 (S.D.N.Y. May 7, 2010). And the Court of Appeals' denial of the STN appellants' motion for an expedited appeal suggests that the Court of Appeals did not view the STN appeal as particularly pressing.

With respect to the appeal of Confirmation Order, the Committee argues that the releases in favor of the RBLs were not a settlement of the constructive fraudulent conveyance claims and that the releases in favor of the Forest Directors and Officers were without consideration. The Committee also mentions, in conclusory fashion without elaboration, problems with the Confirmation process including voting irregularities, improper substantive consolidation, and allowance of secured

14

claims that contradicted the evidence presented during the Confirmation hearings. Reply at 8.

To the extent the Committee takes issue with settlements approved by the Bankruptcy Court, it is well established that a bankruptcy court need only ensure that any settlements proposed by the parties fall within the "lowest point in the range of reasonableness from the perspective of the bankruptcy estate." In re Milazzo, 450 B.R. 363, 376 (Bankr. D. Conn. 2011) (internal quotation marks and citation omitted). Moreover, a bankruptcy court has the power to approve third-party releases as part of the confirmation of a plan. In re Metromedia, 416 F.3d at 141-42. And to the extent the Committee challenges the justifications for releases in favor of the RBLs and the Forest Directors, the scant record before this Court makes a finding that the Committee is likely to succeed in vacating the Confirmation Order and the releases therein impossible.

The Committee also argues that the Bankruptcy Court did not have the authority or jurisdiction to hold Confirmation hearings and confirm the Plan while the STN decision was pending on appeal. The Committee's argument is without merit.[3] The

---

[3] The Committee, joined by other unsecured creditors, made the same argument to the Bankruptcy Court when it moved for a stay of the STN order. The Bankruptcy Court concluded that the confirmation of a plan containing releases would "in no way alter the STN Order" and that the issue of whether to confirm a plan was distinct from the issue of whether the Court should grant the Committee standing to pursue the STN claims. In re Sabine, 548 B.R. at 679-80.

15

divestiture doctrine precludes a bankruptcy court from deciding the same issue a second time while the first decision is on appeal. "It is well established that the filing of an appeal divests the lower court of its control over matters on appeal." In re Prudential Lines, Inc., 170 B.R. 222, 243 (S.D.N.Y. 1994). A "lower court may take no action which interferes with the appeal process or with the jurisdiction of the appellate court." Id. "It is equally established, however, that while an appeal of an order or judgment is pending, the court retains jurisdiction to implement or enforce the order or judgment." Id.

The filing of a bankruptcy appeal "confers jurisdiction on the [appellate court] and divests the [trial] court of control over those aspects of the case involved in the appeal." In re Winimo Realty Corp., 270 B.R. 99, 105 (S.D.N.Y. 2001) (internal citation omitted); see also In re Emergency Beacon, 58 B.R. 399, 402 (Bankr. S.D.N.Y. 1986) ("Once a notice of appeal is filed 'no lower court should be able to vacate or modify an order under appeal, not even a bankruptcy court attempting to eliminate the need for a particular appeal.") (internal citation omitted). Bankruptcy courts do not retain exclusive or concurrent jurisdiction with the district court over the subject matter of an appeal. In re Emergency Beacon, 58 B.R. at 402; In re Adelphia Commc'ns Corp., No. 06-cv-4983 (JGK), 2007 WL 4615604, at *2 (S.D.N.Y. Dec. 26, 2007). But the bankruptcy

courts do retain jurisdiction to decide issues different from those on appeal. Id. at *1. In Adelphia, this Court declined to dismiss an appeal on the grounds that the bankruptcy court retained jurisdiction to determine whether the appeal had been mooted by the confirmation of a plan of reorganization. Id. at *1. Adelphia shows that a plan may be confirmed while an appeal of a different order is pending. The district court could still decide the appeal, and the bankruptcy court retained jurisdiction to confirm the plan while the appeal was pending.

In this case, the Committee argues that the Confirmation Order "expands" the STN order. But the Bankruptcy Court's Confirmation of the Plan and the releases contained in it did not modify its and this Court's holdings that the Committee and other unsecured lenders lacked STN derivative standing. The Confirmation Order is at most an enforcement of the STN Order, and this Court declines to exercise its discretion to stay the Confirmation Order because the Order might render moot the STN appeal. See In re Washington Mut., 461 B.R. 200, 220 (Bankr. D. Del. 2011). As noted above, the Committee could have avoided its current position by seeking a stay of the STN order before this Court or the Court of Appeals. See id.

It is also plain that the remaining factors to be considered on a stay weigh strongly against granting a stay.

17

There would be significant harm to the Debtors from granting the stay. The evidence supports the Bankruptcy Court's finding that the stay sought by the Committee would prevent the reorganization of the Debtors which would also be contrary to the public interest.

Because the Committee cannot satisfy any of the elements necessary for a stay pending appeal, its motion for a stay is denied.

## CONCLUSION

The Court has considered all the parties' arguments. To the extent not specifically addressed above, the parties' arguments are either moot or without merit. For the foregoing reasons, the Committee's motion for a stay pending appeal of the Bankruptcy Court's Confirmation Order is denied. The Clerk is directed to close all pending motions.

**SO ORDERED.**

**Dated:**    **New York, New York**
           **August 8, 2016**

                                              _____/s/_____

                                                **John G. Koeltl**
                                   **United States District Judge**