```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
IN RE SABINE OIL & GAS CORPORATION,
ET AL.,
                                          16-cv-2561 (JGK)
              DEBTORS,                    16-cv-6054

OFFICIAL COMMITTEE OF UNSECURED           MEMORANDUM OPINION AND
CREDITORS, ET AL.,                        ORDER

              APPELLANTS,

       - against –

SABINE OIL & GAS CORPORATION, ET
AL.,

              APPELLEES.
------------------------------------
```

**JOHN G. KOELTL, District Judge:**

Pursuant to 28 U.S.C. § 158(d)(2) and Rule 8006 of the Federal Rules of Bankruptcy Procedure, the Official Committee of Unsecured Creditors ("the Committee"), the Bank of New York Melon Trust Company as the Trustee under the 2017 Notes Indenture ("BONY"), and the Wilmington Savings Fund Society, FSB, and Delaware Trust Company as the Indenture Trustees for the Forest Notes ("Wilmington"), collectively referred to as the Appellants, move to certify for direct appeal to the Court of Appeals for the Second Circuit the Bankruptcy Court's Order Confirming the Debtors' Second Amended Plan of Reorganization (the "Confirmation Order"). The Appellants' appeal of the

1

Confirmation Order is currently pending before this Court (the "Confirmation Order Appeal").

The Appellants' primary argument is that the Court of Appeal's consideration of their arguments against confirming the Second Amended Plan of Reorganization (the "Plan") "may materially advance the progress of the case or proceeding in which the appeal is taken." 28 U.S.C. §158(d)(2)(A)(iii). The Appellants have already filed an appeal from this Court's Order affirming the Bankruptcy Court's Order denying the Appellants standing to pursue certain claims, see In re Sabine Oil & Gas Corp., No. 16-cv-2561 (JGK), 2016 WL 3554995 (S.D.N.Y. June 24, 2016), which is currently pending before the Court of Appeals for the Second Circuit, Dkt. No. 16-2187 (the "STN Appeal").[1] The Debtors have moved to dismiss the STN Appeal on the grounds that the appeal is both constitutionally and equitably moot because the Plan has been confirmed and consummated. The Appellants contend that the arguments they intend to raise in connection with the Confirmation Order Appeal are intertwined with their arguments on the STN Appeal. In addition, the Appellants indicate that the Debtors have also moved before this Court to dismiss the Confirmation Order Appeal on the grounds of

---

[1] For the purposes of this motion, the parties' familiarity with the underlying claims and arguments pertaining to the STN decision are presumed. See In re Sabine Oil & Gas Co., 2016 WL 3554995, at *2-6.

mootness. The Appellants' argument thus rests on purported concerns of judicial economy, and avoiding litigating similar issues before this Court and then the Court of Appeals.

The Appellants' argument does not support certification because there is no reason to believe that certification would materially advance the litigation. Following the Bankruptcy Court's Confirmation Order, the proceedings before the Bankruptcy Court have ceased, meaning that the underlying litigation before the Bankruptcy Court cannot be advanced more expeditiously by immediate, joint consideration of the interlocutory STN Appeal and the direct Confirmation Order Appeal. See, e.g., In re Johns-Manville Corp., 449 B.R. 31, 34 (S.D.N.Y. 2011) ("This is not the case of an interlocutory appeal where a prompt ruling by the Court of Appeals will advance the ongoing litigation in the Bankruptcy Court."). The Court of Appeals for the Second Circuit has instructed that bankruptcy cases should not "leapfrog[] the district court in the appeals process," but instead that they should normally percolate through the District Court before proceeding to the Court of Appeals. Weber v. United States, 484 F.3d 154, 160 (2d Cir. 2007).

The Appellants' application to skip this Court's review would merely avoid the time and effort litigating the Confirmation Order Appeal before this Court. That is an

3

insufficient reason to bypass the ordinary two-step appellate review process prescribed by statute. See id. at 161 (denying leave to take direct appeal where the bankruptcy court's decision did "not appear to be either manifestly correct or manifestly incorrect"); In re Johns-Manville Corp., 449 B.R. at 34 (S.D.N.Y. 2011) (rejecting "argument for expedition . . . that the appeal [would] be quicker because it need only be heard by one court—the Court of Appeals"); In re Wagstaff Minn., Inc., No. BR 11-43073, 2011 WL 5085100, at *1-2 (D. Minn. Oct. 26, 2011) (finding unpersuasive the argument that the losing side in the appeal before the district court would appeal an adverse decision to the appellate court, thus extending the litigation).

The Court of Appeals may dismiss the STN Appeal on the motion to dismiss, or it may join the motion with a decision by the merits panel. That decision rests in the sound discretion of the Court of Appeals. The Appellants are free to make any arguments to the Court of Appeals that they deem relevant to the motion to dismiss the STN Appeal, or with respect to the merits of the STN Appeal, irrespective of whether those arguments are also relevant to the Confirmation Order Appeal before this Court. If there is a decision on the motion to dismiss the STN Appeal, this Court can be aided in its own decision on the motion to dismiss the Confirmation Order Appeal. If there is no decision by the Court of Appeals, this Court will proceed to

decide the motion to dismiss, and, if not dismissed, the substantive merits of the Confirmation Order Appeal. This Court can take guidance from any decisions of the Court of Appeals, and, similarly, the Court of Appeals can choose to await any decisions by this Court. There is no reason to short-circuit the normal appellate process, which provides for a decision by the district court to be followed by a decision of the Court of Appeals. See In re Conex Holdings, LLC, 534 B.R. 606, 611 (D. Del. 2015) ("[T]here is nothing extraordinary or urgent about this situation that recommends departing from the standard appellate process.").

As this Court already noted in denying a stay of the confirmation of the Plan pending the STN Appeal, the Appellants never sought a stay from this Court or the Court of Appeals in light of the Bankruptcy Court's STN Order, and the Court of Appeals denied a motion to expedite the STN Appeal, suggesting that the Court of Appeals did not perceive a reason to decide the STN Appeal before the Plan was confirmed. In any event, the process proposed by the Appellants may take more time because the Court of Appeals might decline to take the Confirmation Order Appeal. Ping-ponging the Confirmation Order Appeal between this Court and the Court of Appeals would only serve to delay resolution of that appeal, not advance the litigation. See Weber, 484 F.3d at 160 (noting that "district courts tend to

resolve bankruptcy appeals faster than the courts of appeals" and that, in the vast majority cases, "the cost in speed of permitting district court review will likely be small").

The Appellants also argue that the Confirmation Order Appeal involves a "question of law as to which there is no controlling decision of the court of appeals for the circuit or the Supreme Court," or "involves a question of law requiring resolution of conflicting decisions." 28 U.S.C. §158(d)(2)(A)(ii-iii). The Appellants' main contention is that the pendency of the STN Appeal divested the Bankruptcy Court of jurisdiction to confirm the Plan. Despite the rhetoric, the argument is not substantial, and does not justify the certification of a direct appeal. As this Court, previously noted, "the STN appeal was not a roadblock to the Bankruptcy Court's continued consideration and eventual approval of the Plan of Reorganization." In re Sabine Oil & Gas Corp., No. 16-cv-2561 (JGK), 2016 WL 4203551, at *5 (S.D.N.Y. Aug. 9, 2016). To find otherwise "would reward the [Appellants] for having failed to seek a stay of the STN decision before this Court or the Court of Appeals." Id.

The Court has considered all of the arguments of the parties. To the extent not specifically discussed above, the arguments are either moot or without merit. The motion to certify the direct appeal to the Court of Appeals is **denied**.

**SO ORDERED.**

**Dated:    New York, New York**
           **October 24, 2016**

_____/s/_____
**John G. Koeltl
United States District Judge**